OPINION OF THE COURT
Victor I. Barron, J.
Defendants move for an order vacating the default judgment entered against them, May 26,1992, on the grounds that the court was without subject matter jurisdiction to enter a judgment in excess of the jurisdictional limit of this court.
*726 In this action, to recover a $24,000 balance due on a promissory note together with attorney’s fees as provided in said instrument, plaintiff demanded judgment for the sum of $27,600, with interest from September 14, 1990 together with costs and disbursements.
The issue presented is whether interest and attorney’s fees are part of the amount sought to be recovered for purposes of determining if the court’s $25,000 jurisdictional limit has been exceeded.
New York City Civil Court has jurisdiction of actions and proceedings where the amount in controversy does not exceed $25,000, exclusive of interest and costs. (NY Const, art VI, § 15; CCA 201-203.) Further, where several causes of action are asserted in the complaint, each within the monetary jurisdiction of the court if sued upon separately, the court may render a judgment in excess of $25,000 if such excess is solely the result of such joinder. (See, CCA 211.)
While CCA 201 specifically excludes interest and costs from the amount in controversy, the court in Irni v Williams (146 Mise 2d 894 [Civ Ct, Kings County 1990]) found that a claim for $25,000 plus interest exceeded the jurisdictional limit of the court because the interest was part of a debt included in the relief requested.
Defendants, herein, contend that a single cause of action on a debt consisting of the $24,000 balance on the promissory note, $3,600 attorney’s fees, and $1,773.90 interest from September 14, 1990 (computed through June 10, 1991, the date of the complaint, at the rate of 10% per annum on $24,000 [$6.57 per day] as set forth in the promissory note) rendered the relief requested in excess of $25,000.
Although it was held in Irni (supra) that interest contracted for in a promissory note is part of the amount sought to be recovered for purposes of determining the $25,000 jurisdictional limit of the New York City Civil Court, Irni is readily distinguishable from the case at bar.
In Irni (supra), plaintiff sought "summary judgment on a promissory note in the amount of $25,000 with interest at 16% per annum from August 30, 1988 and reasonable attorney’s fees and costs”. (Supra, at 895.) The court determined that interest demanded, pursuant to the terms of a promissory note, was part of the debt creating but a single cause of action, and was to be included for purposes of determining jurisdiction. The court in Irni found that the CCA merely excluded court-awarded interest and costs (supra).
*727 Unlike Irni (supra), plaintiff in the instant action specifically demanded "judgment for the sum of $27,600 with interest from 9/14/90, together with costs and disbursements”. No contractual right to interest at 10% per annum, pursuant to the promissory note, was asserted in the complaint. Interest sought in the instant action is merely court-awarded interest. CCA 201 specifically excludes court-awarded interest for purposes of determining jurisdiction.
Defendants’ other contention, that the claim for attorney’s fees of $3,600 brought the amount sued upon over the jurisdictional limit, is equally unavailing. The claim for attorney’s fees is a separate cause of action and may be aggregated with the main claim. Pursuant to CCA 211, the court may render a judgment in excess of $25,000 as a result of such joinder.
Based on the foregoing, the motion is denied in its entirety.